1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                              **DISTRICT OF NEVADA**

10

11   PETER R. WRIGHT,                          Case No. 2:19-cv-01382-RFB-VCF

12                  Petitioner,                **ORDER**

13          v.

14   UNITED STATES DISTRICT COURT, et
     al.,
15
                     Respondents.
16

17

18          Andrea Lee Sanders, purporting to act as a next friend for Peter R. Wright, has submitted

19   a petition for a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2242. The court finds that Sanders lacks

20   standing to file a habeas corpus petition on Wright's behalf. The court dismisses the action.

21          A "next friend" does not himself become a party to the habeas corpus action in
            which he participates, but simply pursues the cause on behalf of the detained
22          person, who remains the real party in interest. . . . Most important for present
            purposes, "next friend" standing is by no means granted automatically to
23          whomever seeks to pursue an action on behalf of another. Decisions applying the
            habeas corpus statute have adhered to at least two firmly rooted prerequisites for
24          "next friend" standing. First, a "next friend" must provide an adequate
            explanation—such as inaccessibility, mental incompetence, or other disability—
25          why the real party in interest cannot appear on his own behalf to prosecute the
            action. . . . Second, the "next friend" must be truly dedicated to the best interests
26          of the person on whose behalf he seeks to litigate, . . . and it has been further
            suggested that a "next friend" must have some significant relationship with the real
27          party in interest. . . . The burden is on the "next friend" clearly to establish the
            propriety of his status and thereby justify the jurisdiction of the court.
28

1    *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). Sanders' attempt to appear as next friend

2    for Wright fails at the first prerequisite. Wright is a defendant in a criminal action before this

3    court, *United States v. Wright*, Case No. 2:05-cr-00377-RCJ-NJK. Currently pending in that

4    action are proceedings to revoke Wright's supervised release. Not only does counsel represent

5    Wright, he has been present at the hearings in that action. Wright can take care of his own

6    interests. Consequently, Wright does not need a next friend to appear on his behalf. The court

7    dismisses this action.

8        Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the

9    court will not issue a certificate of appealability.

10       IT THEREFORE IS ORDERED that this action is **DISMISSED**. The clerk of the court

11    shall enter judgment accordingly and close this action.

12       IT FURTHER IS ORDERED that a certificate of appealability will not issue.

13       DATED: August 20, 2019.

14                                          _____

15                                          RICHARD F. BOULWARE, II
                                            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28